CULLEN KEKOA KANAE, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.
No. 29444
Intermediate Court of Appeals of Hawaii.
June 26, 2009
On the briefs:
Cullen Kekoa Kanae, Petitioner-Appellant pro se.
Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and NAKAMURA, JJ.
Petitioner-Appellant Cullen Kekoa Kanae (Kanae) appeals from tie Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Order) filed on September 25, 20 0 8 in the Circuit Court of the First Circuit (circuit court).[1] Kanae filed his Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Rule 40 Petition) on July 28, 2008 pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40.
In the underlying criminal case, a jury convicted Kanae of Robbery in the First Degree and Burglary in the First Degree. State v. Kanae, 89 Hawai'i 198, 199 & 201, 970 P.2d 506, 507 & 509 (App. 1998). On February 26, 1997, the State of Hawai'i (State] filed a Motion for Extended Term of Imprisonment, asking that Keinae be sentenced to an extended term of life in prison for Robbery in the First Degree and twenty years for Burglary in the First Degree, pursuant to Hawaii Revised Statutes (HRS) § 7C6-662(4). On August 28, 1997, the circuit court granted the State's motion for extended terms, sentenced Kanae to life in prison on his Robbery in the First Degree conviction and twenty years of imprisonment on his Burglary in the First Degree conviction, and filed the Judgment.
Kanae filed a direct appeal from the Judgment, raising as his sole contention that his right to due process had been violated when the circuit court suspended jury deliberations for seventeen days because several jurors had become ill and one juror had to leave Hawai'i for a pre-scheduled vacation. Kanae, 89 Hawai'i at 199, 970 P.2d at 507. This court affirmed his convictions. Id. at 203, 970 P.2d at 511.
In his Rule 40 Petition, Kanae argued that (1) his extended terms were unconstitutional pursuant to Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), and State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007); (2) the circuit court Lacked jurisdiction to impose extended sentences because Maugaotega ruled that HRS § 706-662 was unconstitutional; and (3) his extended terms violated the double jeopardy clause of the Fifth Amendment of the United States Constitution.
On September 25, 2008, the circuit court issued its Order, stating that Kanae's claims were "patently frivolous and without, a trace of support either in the record or from other evidence submitted by [Kanae] and therefore, [Kanae] has failed to state a claim upon which relief may be granted." The circuit court c.id not issue any findings of fact or conclusions of law. Kanae timely filed this appeal.
On appeal, Kanae claims (1) his extended term sentences are unconstitutional pursuant to Maugaotega, (2) the circuit court failed to follow Maugaotega, (3) the circuit court failed to notice that Kanae presented evidence from page 4 of the State's answer to the Rule 40 Petition that would have entitled Kanae to a hearing on the petition, (4) the circuit court failed to issue findings of fact and conclusions of law, and (5) his extended term sentences violated the double jeopardy clause of the United States Constitution.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kanae's points of error as follows:
Although Kanae raises the above five points of error, he only argues that his extended sentences are illegal because a jury, lot a judge, must make findings under HRS § 706-662. Kanae states that the Supreme Court of Hawai'i found HRS § 706-662 unconstitutional in Maugaotega. Kanae also cites Cunningham in support of his argument.
In Loher v. State, 118 Hawai'i 522, 537-38, 193 P.3d 438, 453-54 (App. 2008), this court held that the holding in Maugaotega and Cunningham did not apply retroactively to the conviction of a defendant that became final in 2003. Kanae's case was final in 1998 when this court affirmed his conviction. Kanae, 89 Hawai'i at 203, 970 P.2d at 511. Therefore, Kanae's extended sentences are not illegal or unconstitutional because Maugaotega does not apply to Kanae's extended sentences. Kanae's points of error (1) and (2) are without merit.
In his Opening Brief, Kanae states that "[b]ecause of my financial position I am unable to provide further arguments to support my position raised." We do not find that Kanae's burden or restating on appeal the arguments he made in the circuit court with respect to points of error (3), (4), and (5) impose such a great financial burden that justifies exception from HRAP Rule 28-(b) (7), which requires an appellant to provide an argument for each point of error raised. There-fore, Kanae' s points of error (1), (4), and (5) are waived.
Therefore,
IT IS HEREBY ORDERED that the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody filed on September 25, 2008 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.